Eduardo Caviales **ALVAREZ,**
Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT,** Secretary,
Department of Corrections,
Respondent-Appellee.

No. 79–1681
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Jerry L. Schwarz, Asst. Public Defender, 15th Judicial Circuit of Florida, West Palm Beach, Fla., for petitioner-appellant.

Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before BROWN, Chief Judge, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

This case arises out of a tragic incident in which Edward Wilcox and Patricia Alvord, who were riding together on a motorcycle, were struck and killed by a car driven by appellant, Eduardo Alvarez. The State of

Florida charged appellant with two counts of manslaughter by culpable negligence and two counts of manslaughter by an intoxicated motorist. Additionally, the State charged appellant with temporary unauthorized use of a motor vehicle, contending that he was driving without the car owner's permission, and with larceny of a firearm, contending that a gun found in appellant's possession at the time of the incident was stolen from Edward Wilcox. Appellant was convicted on the two counts of manslaughter by culpable negligence and was acquitted on all of the other charges. He received two ten-year sentences to run concurrently.

Before trial, and again at the close of the Government's case, appellant moved to sever, claiming that the larceny and unauthorized use of a motor vehicle charges should not have been joined with the manslaughter charges. After exhausting his state remedies, appellant filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2254. The District Court denied the petition. We affirm.

█ Appellant concedes that the initial joinder of offenses was proper under Fla.R.Cr.P. 3.150(a), which permits joinder of offenses when the offenses "are based on the same act or transaction or on two or more connected acts or transactions." However, appellant contends that the Trial Court should have granted his motion for severance under Fla.R.Cr.P. 3.152(a)(2),[1] because appellant wanted to testify as to the unauthorized use of a motor vehicle and the larceny of a firearm charges, but did not want to testify as to any of the manslaughter charges. Appellant claims that as a result of the Trial Court's failure to grant a severance, the trial was rendered fundamentally unfair.[2]

█ Under Florida law, as under federal law, the question of whether to grant a motion for severance rests with the sound discretion of the Trial Court and will only be reversed upon a clear showing by the defendant that the Trial Court abused its discretion. See, e. g., *United States v. Williamson*, 5 Cir., 1973, 482 F.2d 508, 512; *Panzavecchia v. Florida*, Fla.App.1975, 311 So.2d 782. Severance is not mandatory simply because a defendant indicates that he wishes to testify on some counts but not on others. Rather, "[s]everance for this reason, as for any other, remains in the sound discretion of the trial court." *Williamson, supra*, 482 F.2d at 512. On habeas corpus attack of the State Trial Court's denial of severance, "[t]he simultaneous trial of more than one offense must actually render petitioner's state trial fundamentally unfair and hence, violative of due process before relief pursuant to 28 U.S.C.A. § 2254 would be appropriate." *Tribbitt v. Wainwright*, 5 Cir., 1976, 540 F.2d 840, 841, *cert. denied*, 430 U.S. 910, 97 S.Ct. 1184, 51 L.Ed.2d 587. To find that a trial was rendered fundamentally unfair, we believe that *as a minimum*, appellant must demonstrate prejudice sufficient to warrant relief under F.R.Cr.P. 14[3] or its state counterpart—in this case Fla.R.Cr.P. 3.152(a)(2).

---

1. Rule 3.152(a)(2) provides:

    In case two or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the State or of a defendant

    (i) before trial upon a showing that such severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense, or

    (ii) during trial, only with defendant's consent, upon a showing that such severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

2. Appellant also claims that the Trial Court's refusal to sever violated his Fifth Amendment right against self-incrimination. However, our finding that appellant was not substantially prejudiced by the failure to grant severance disposes of the Fifth Amendment claim as well. "Where joinder is proper and there has been found no substantial prejudicial effect, the Fifth Amendment is not violated because a defendant must elect to testify as to both charges or to none at all." *Holmes v. Gray*, 7 Cir., 1975, 526 F.2d 622, 626.

3. Rule 14 provides, in pertinent part: "[i]f it appears that a defendant . . . is prejudiced by a joinder of offenses in an indictment or information . . . the court may order an election or separate trials of counts . . . or provide whatever other relief justice requires."

■ In this case, appellant failed to articulate to the Trial Court any precise reason *why* he would be prejudiced by a single trial of all the charges. In his pre-trial motion for severance, appellant did not give any reasons for his claim that the failure of the Trial Court to grant his motion for severance would prejudice him. At the close of the Government's case, appellant attempted to clarify the basis of his claim of prejudice in a "renewed" motion for severance:

MR. BROOKS (appellant's attorney):

Judge, at this time—first, let me renew my motion for severance as to Larceny of a Firearm and Temporary Unauthorized Use of a Motor Vehicle. I'm in a position now where, if only the Manslaughter counts were being tried in this case, I would not put my client on the stand. However, Counts Five and Six involve criminal intent so I'm going to put him on the stand.

Clearly, appellant gave no indication concerning *why* he did not want to testify on the manslaughter counts or what testimony he would offer on the crimes involving intent. In discussing the burden on a defendant who moves for severance, the United States Court of Appeals for the District of Columbia Circuit has stated:

[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reason for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.

*Baker v. United States,* D.C.Cir., 1968, 131 U.S.App.D.C. 7, 26, 401 F.2d 958, 977, *cert. denied,* 1970, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384, quoted in *United States v. Park,* 5 Cir., 1976, 531 F.2d 754, 763.

Under the teachings of *Baker* and its progeny, the Trial Court did not abuse its discretion in denying appellant's motion for severance. Accordingly, we are unable to find that appellant was in any way denied a fair trial.

■ There is yet a further reason why appellant was not denied a fair trial. On cross-examination, appellant gave inculpatory testimony regarding the manslaughter charges. He admitted on cross-examination that he did not have a driver's license and could not read street signs. However, cross-examination regarding the details of appellant's driving experience were not relevant to the issues of whether appellant had the owner's permission to drive the car or whether appellant stole a firearm. These questions were permissible on cross-examination because *appellant* opened the door to this line of questioning by giving details on direct examination relevant only to the manslaughter claims.

Since appellant was not denied a fair trial, the District Court was correct in denying habeas relief.

AFFIRMED.