Dalton ABBOTT, Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Secretary, Department of Corrections, Respondent-Appellant.

No. 79-2308.

United States Court of Appeals, Fifth Circuit.

May 9, 1980.

Rehearing and Rehearing En Banc Denied June 11, 1980.

Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Richard M. Gale, Miami, Fla., for petitioner-appellee.

Before THORNBERRY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

In this appeal we must decide whether the district judge erred when he granted appellee's petition for habeas corpus relief under 28 U.S.C. § 2254 (1976) because the denial of his motion for a severance made his state trial fundamentally unfair. We affirm.

During 1974 the State of Florida filed a sixty-six count information charging S. K. Bronstein with sixty-four counts of larceny, forgery, uttering, and conspiracy in connection with his activities as chief executive of the Cedars of Lebanon Hospital in Miami. Counts 65 and 66 charged Abbott and two codefendants, including Arthur Tifford, with assisting and maintaining Bronstein as accessories after the fact and with joining a conspiracy to assist and maintain Bronstein.

Prior to trial Abbott and the other codefendants filed a timely motion for misjoinder to separate their trials from Bronstein's. Each movant submitted an affidavit by Bronstein. In the affidavit for Abbott, Bronstein said he would offer exculpatory testimony that Abbott lacked knowledge of Bronstein's crimes, and that Bronstein had never told Abbott the true facts about his criminal activities. Bronstein declared that he would assert his fifth amendment right not to testify in a joint trial, but that he would testify with regard to these matters once he was removed from criminal jeopardy in this particular cause. Despite this affidavit, the trial judge denied the codefendants' motions for misjoinder and their later motions for severance.

The subsequent joint trial lasted over a month and featured much excitement because the trial judge cited Bronstein's attorney for contempt three times and the prosecutor once. The jury convicted all defendants on all counts charged. Abbott received a five year prison sentence on one count, followed by five years probation on the other count. Abbott appealed his conviction and denial of severance, but the

state courts affirmed. Abbott then filed a federal habeas corpus petition, which the district judge granted on the authority of the prior district court decision affirmed in *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir.), *rehearing*, 592 F.2d 233 (5th Cir. 1979).

*Tifford* presents the same basic facts and issues as this case. Tifford was one of the codefendants charged with Abbott in counts 65 and 66. Like Abbott, Tifford moved for misjoinder and severance, and he submitted a similar exculpatory affidavit from Bronstein. We concluded that Tifford satisfied all the criteria for a severance under *Byrd v. Wainwright*, 428 F.2d 1017, 1019–20 (5th Cir. 1970):

> The documents Tifford filed in support of his motion for severance clearly satisfied the requirements of *Byrd*. The affidavits set out specific exculpatory testimony that would be available only if the motion to sever were granted. The prejudice arising from the denial of the motion was also conclusively established; the issue of Tifford's knowledge of his co-defendants' criminal activities was central to the crimes charged by the indictment, and the co-defendants' testimony was essential to rebut the prosecution's proof on this crucial issue. The affidavits showed that the possibility of the co-defendants' testifying was "more than a gleam of possibility in the defendant's eye," *Byrd*, 428 F.2d at 1022, and that the prejudice resulting from the denial of the motion to sever was not speculative. The denial of the severance motion thus made Tifford's trial fundamentally unfair.

588 F.2d at 957.

Because *Tifford* constitutes binding precedent upon our decision today and appellant cannot meaningfully distinguish *Tifford* from this case, we affirm the grant of appellee's habeas corpus petition in the court below.

AFFIRMED.