John PANZAVECCHIA,
Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellant.

No. 80–5984.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Oct. 5, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Alan T. Lipson, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Leonard Moriber, North Miami, Fla., for petitioner-appellee.

Before HILL, Circuit Judge, SMITH **, Judge, and HENDERSON, Circuit Judge.

HENDERSON, Circuit Judge:

Louie L. Wainwright, Secretary of the Department of Offender Rehabilitation of the State of Florida, appeals from the judgment of the United States District Court for the Southern District of Florida granting a writ of habeas corpus to the petitioner-appellee, John Panzavecchia, pursuant to the provisions of 28 U.S.C. § 2254 and remanding the case for a new trial on his murder charge. We agree with the district court that the evidence admitted in Panzavecchia's state court trial was prejudicial and in violation of the due process clause of the fourteenth amendment. We therefore affirm the order of the district court.

I. Facts and Procedural History

The petitioner-appellee was indicted on two counts for first degree murder and unlawful possession of a firearm by a convicted felon. 22 F.S.A. § 790.23 (1976). He pled not guilty and moved to sever the trial of the two counts under Fla.R.Cr.P. 3.152(a)(2). See footnote 4 infra. The motion for severance was denied and the case proceeded to a jury trial on both charges. During the trial, the jury heard evidence of the petitioner's prior conviction for counterfeiting. A copy of the judgment on the counterfeiting charge was introduced into evidence. A witness for the state testified that he first met the petitioner "in Federal Prison" and a federal agent recalled that he was present when Panzavecchia was convicted of a felony. Also, the state attorney made several references during the trial to the fact that the petitioner was a convicted felon. All of this evidence was required in order to prove the possession charge, but completely irrelevant to the murder count. At the conclusion of the evidence and argument of counsel, the judge gave cautionary instructions to the jury.[1]

The jury returned verdicts of guilty of second degree murder and unlawful possession of a firearm by a convicted felon. He was sentenced to life imprisonment for murder to run concurrently with a five-year prison term for the possession count. The conviction was affirmed by the District Court of Appeal of Florida, Third District. The District Court of Appeal of Florida found that the petitioner was not prejudiced by the admission of the evidence of

** Judge, U.S. Court of Claims, sitting by designation.

1. The judge did not caution the jury when the evidence was introduced, but at the end of the trial he instructed, in part, as follows:

The separate crime is charged in each count of the indictment. Each crime, and the evidence applicable to it, must be considered separately. The fact that you may find the defendant guilty, or not guilty, of one or more of the crimes charged must not affect your verdict with respect to the other crime charged.... The defendant is not on trial for any act or conduct not charged in the indictment or included within the lesser offenses and you must consider the evidence only as it relates to this charge.

his prior conviction, especially in light of the instructions to the jury. *Panzavecchia v. State*, 311 So.2d 782, 784 (Fla. 3d DCA 1975). Petitioner's application for state post-conviction relief was denied and affirmed on appeal. He then filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida, alleging that the denial of the motion to sever resulted in the admission of irrelevant and prejudicial evidence which violated his fourteenth amendment right to a fair trial. The district court, agreeing with petitioner, granted the writ and remanded the case for a new trial on the murder charge. This appeal followed.

Respondent-appellant raises two issues on appeal. First, he contends that the district court failed to apply the "presumption of correctness" to the state court factual determinations as is mandated by 28 U.S.C. § 2254(d). Secondly, he claims that the admission of the irrelevant evidence did not render petitioner's trial fundamentally unfair and, hence, there was no constitutional violation justifying habeas corpus relief.

## II. The Presumption of Correctness

■ The standard for reviewing habeas corpus petitions by prisoners in state custody is set forth in 28 U.S.C. § 2254(d). Under this statutory criteria, factual issues resolved by state courts are presumed correct and may not be set aside unless clearly erroneous. 28 U.S.C. § 2254(d); *Baker v. Metcalfe*, 633 F.2d 1198 (5th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981). This presumption does not apply to legal findings or mixed questions of law and fact. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Factual issues are defined as those

relating to "basic, primary, or historical facts: facts 'in the sense of a recital of external events and the credibility of their narrators....'" *Cuyler*, 446 U.S. at 341–42, 100 S.Ct. at 1714–1715, quoting *Townsend v. Sain*, 372 U.S. 293, 309 n.6, 83 S.Ct. 745, 755 n.6, 9 L.Ed.2d 770 (1963). Mixed questions of law and fact "[require] the application of legal principles to the historical facts of [the] case." *Id. See also Brewer v. Williams*, 430 U.S. 387, 403, 97 S.Ct. 1232, 1241, 51 L.Ed.2d 424 (1977), *quoting Brown v. Allen*, 344 U.S. 443, 507, 73 S.Ct. 397, 446, 97 L.Ed. 469 (1953) (mixed questions of law and fact require the "application of constitutional principles to the facts as found....").

■ The focus in the present case is the state appellate court's finding that the denial of severance did not prejudice petitioner to the point of a denial of due process. In *Freeman v. Georgia*, 599 F.2d 65, 70 n. 6 (5th Cir. 1979), *cert. denied, Georgia v. Freeman*, 444 U.S. 1013, 100 S.Ct. 661, 62 L.Ed.2d 641 (1980), this court held that the question of prejudice is one of law, and therefore a state court finding in this respect is not binding on a federal habeas corpus court. *See also Hicks v. Wainwright*, 633 F.2d 1146 (5th Cir. 1981) (whether denial of a motion for continuance violated due process is a legal, not a factual, issue).[2] The finding of the Florida appellate court of no prejudice is not presumptively correct and is not protected by the clearly erroneous standard. *Baker*, 633 F.2d at 1201. Since we are not obliged to adopt the state court assessment of prejudice, it becomes our duty to independently apply the constitutional standard of due process to the facts of this case. *Id.*[3]

---

**2.** If not a pure question of law, the issue of prejudice is at least a mixed question of law and fact because, in order to determine the presence of prejudice amounting to a denial of due process, the constitutional standard must be applied to the facts of the instant case. *See Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).

**3.** Contrary to the appellant's assertion, the United States Supreme Court case of *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66

L.Ed.2d 722 (1981) is of no help in this instance. *Sumner* was a case in which the California Court of Appeals and the Ninth Circuit Court of Appeals, employing the same legal principles, reached contrary findings of fact concerning a pre-trial photo identification procedure. *Sumner*, 449 U.S. at 542, 101 S.Ct. at 766. Thus, the § 2254(d) presumption was applicable. Even though the Ninth Circuit Court of Appeals was required to assume the correctness of the state court findings with respect to the facts, the opinion never ad-

**340**

### III. Prejudice to Petitioner

28 U.S.C. § 2254 is the proper vehicle for habeas corpus relief if the petitioner can show that he is in custody in violation of the "constitution, laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, petitioner urges that the denial of the motion to sever resulted in the admission of prejudicial evidence, which in turn, violated his constitutional right to a fair trial under the fourteenth amendment. Severance motions in Florida state courts are governed by Fla.R.Cr.P. 3.152(a)(2)[4] and the criteria for admissibility of prior convictions in Florida courts are set forth in F.S.A. § 90.404(2)(a).[5] It appears that Panzavecchia's due process argument is premised on infractions of both of these rules.

■ It is well settled that "mere violation of evidentiary rules by the state trial court does not in itself invoke habeas corpus relief...." *Anderson v. Maggio*, 555 F.2d 447, 451 (5th Cir. 1977); *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir.), *cert. denied, Hills v. Maggio*, 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976) (" 'the admissibility... of the evidence under state law is not determinative of a federally protected right' cognizable on habeas corpus"). *See Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981) ("A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved"). The states

exercise supervision of the trial of state created crimes, and federal courts are compelled to defer to a state court's interpretation of its own criminal laws, rules of evidence and rules of criminal procedure. *See Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); *Bronstein v. Wainwright*, 646 F.2d 1048 (5th Cir. 1981). Thus, an error in a state trial does not justify habeas relief unless it is of such a magnitude as to render the trial fundamentally unfair, and, to that end, violative of due process. *Bronstein v. Wainwright*, 646 F.2d at 1050; *Anderson v. Maggio*, 555 F.2d 447 (5th Cir. 1977). Although the determination of fundamental fairness is "necessarily imprecise," *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), this court has held that erroneous admission of prejudicial evidence can lead to federal habeas corpus relief if it is " 'material in the sense of a crucial, critical, highly significant factor.' " *Hills v. Henderson*, 529 F.2d at 401, *quoting Corpus v. Beto*, 469 F.2d 953 (5th Cir. 1972), *cert. denied*, 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973).

■■ Panzavecchia asserts that the denial of the severance motion resulted in the admission of evidence of a prior conviction which was irrelevant to the murder charge and so prejudicial that it impaired his right to a fundamentally fair trial. Under the Florida severance rules, *see* footnote 4, and

dressed § 2254(d) at all. Consequently, the United States Supreme Court held that in such a case (*i.e.* factual issues), a habeas court granting the writ must articulate its reasons for the nonapplicability of the § 2254(d) presumption. Here, the state and federal courts reached different legal conclusions, and therefore *Sumner* is inapposite.

4. Fla.R.Cr.P. 3.152(a)(2) states in pertinent part:

(2) In case two or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the State or of a defendant

(i) before trial upon a showing that such severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense, or

(ii) during trial, only with defendant's consent, upon a showing that such severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

West's F.S.A. R.Cr.P. 3.152(a)(2).

5. F.S.A. § 90.404(2)(a) provides:

Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

*See also Williams v. State*, 110 So.2d 654 (Fla. 1959). This Florida rule closely parallels the federal rule on admissibility of prior convictions. *See* Fed.R.Evid. 404(b).

the comparable Federal Rule on severance[6] the decision to grant or deny severance is within the discretion of the trial judge. *United States v. Morris*, 647 F.2d 568 (5th Cir. 1981); *Alvarez v. Wainwright*, 607 F.2d 683 (5th Cir. 1979). The burden falls on the habeas petitioner to demonstrate an abuse of discretion and that the resulting prejudice was so material as to "warrant relief under F.R.Cr.P. 14 or its state counterpart... Fla.R.Cr.P. 3.152(a)(2)." *Alvarez*, 607 F.2d at 685 (footnote omitted). *See also Abbott v. Wainwright*, 616 F.2d 889 (5th Cir. 1980) (prejudice from denial of motion to sever was not speculative, therefore writ granted). Under Fed.R.Crim.P. 14, a trial judge must weigh the "specific and compelling" prejudice inherent in a joint trial against the dictates of judicial economy and his decision on severance will be sustained unless a clear abuse is present. *United States v. Martino*, 648 F.2d 367, 385–6 (5th Cir. 1981). If severance is denied, the judge must utilize limiting instructions to cure the prejudicial effect of the joint trial. *Id.*

■ In the present case, the specific prejudice claimed by the petitioner is the admission of irrelevant evidence of the counterfeiting conviction in the trial on the murder count. In Florida, it is well established that evidence of unconnected prior crimes is inadmissible if the only purpose is to show bad character or propensity to commit crimes. F.S.A. § 90.404(2)(a)[7]; *Whitehead v. State*, 279 So.2d 99 (Fla. 2d DCA 1973). If relevant to a material fact in issue, such evidence is admissible. F.S.A. § 90.-404(2)(a); *Williams v. State*, 110 So.2d 654 (Fla.1959). In *Spencer v. Texas*, 385 U.S.

554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), the United States Supreme Court upheld a recidivist statute which permitted evidence of prior crimes in the trial of the primary charge. The court acknowledged the inherent prejudice in such a procedure yet concluded that the state had a valid interest in controlling recidivism and the existence of proper limiting instructions ameliorated the prejudicial effect.

■ In the appeal before us, no recidivist statute is involved. Moreover, there were no proper instructions to the jury to relate the evidence of the counterfeiting conviction only to the firearm possession charge. While it is true that the counterfeiting conviction was material to the firearm count, it was totally irrelevant to the murder charge and the only purpose it served was to show bad character and propensity to commit a crime. Had the two offenses been tried separately, the counterfeiting conviction would never be admitted in the murder trial. However, as it turned out, the jury heard repeated references to the defendant's criminal past without any limiting instruction to relate this evidence only to the firearm violation and to disregard it altogether in considering the murder count. The proper balance between judicial economy and the prejudicial effect of evidence of prior convictions was not struck in this instance. The prejudice which Florida and the federal courts[8] have proscribed clearly existed and this prejudice rose to such a level as to make the petitioner's trial fundamentally unfair and in violation of the fourteenth amendment. Indeed, Florida courts now recognize the great prejudice resulting

---

**6.** The federal rule on severance is similar to the Florida rule. Fed.R.Crim.P. 14 states in pertinent part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trial of counts, grant a severance of defendants or provide whatever other relief justice requires.

**7.** *See* footnote 5 for the text of the Florida rule. The Florida rule is the same as Federal Rule of Evidence 404 which prohibits admission of pri-

or crimes unless its probative value outweighs the prejudicial effect. Evidence of prior crimes in an effort to show bad character or propensity is more prejudicial than probative and inadmissible in federal courts. *United States v. Benton*, 637 F.2d 1052 (5th Cir. 1981).

**8.** As stated by the Supreme Court, nearly all common law jurisdictions recognize the inadmissibility of evidence of prior convictions when its prejudicial effect outweighs its probative value. *Spencer v. Texas*, 385 U.S. at 560–61 n. 7, 87 S.Ct. at 651–652 n. 7.

from a denial of a motion to sever in a case such as this. In *Orr v. State*, 380 So.2d 1185 (Fla. 5th DCA 1980), the defendant was charged with grand theft and unlawful possession of a firearm by a convicted felon. A joint trial was held in which prior convictions were introduced as relevant to the possession count but irrelevant to the grand theft charge. The Florida District Court of Appeal reversed the conviction stating that a severance was required "to promote a fair determination of guilt" and remanded for a new trial. The petitioner in this case was likewise denied his fourteenth amendment right to a fair trial.

Accordingly, the judgment of the district court is AFFIRMED.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.