**Allen Wayne OLIVER,
Petitioner-Appellant,**

v.

**Richard DUGGER and Jim Smith,
Respondents-Appellees.**

**No. 84–3474.**

United States Court of Appeals,
Eleventh Circuit.

April 2, 1986.

---

Allen Wayne Oliver, pro se.

A. Russell Smith, Jacksonville, Fla., for petitioner-appellant.

Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, Fla., for respondents-appellees.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and SIMPSON, Senior Circuit Judge;

SIMPSON, Senior Circuit Judge:

In 1975, a Florida jury found Oliver guilty as charged on an information which contained three counts: burglary (count 1), assault (count 2) and possession of a firearm (count 3). He received two fifteen year consecutive sentences on the burglary and assault counts but the state trial judge imposed no sentence for the firearm possession offense. An appellate court affirmed the conviction without opinion. *Oliver v. State*, 333 So.2d 103 (Fla. 1st Dist.Ct. App.1976).

Six years later, the former Fifth Circuit issued its opinion in *Panzavecchia v. Wainwright*, 658 F.2d 337 (5th Cir.1981) (Unit B) which holds that the joinder of a count which requires proof of a prior conviction may render the trial of a second count (to which a prior conviction is irrelevant) fundamentally unfair if the otherwise inadmissible evidence is a crucial, critical and highly significant factor in the conviction on the second count. 658 F.2d at 340. Shortly thereafter, Oliver filed a petition for habeas corpus, 28 U.S.C. § 2254, in which he alleged that his conviction was constitutionally infirm because the trial judge had refused to sever the firearm possession count from the burglary and assault counts. Oliver, relying on *Panzavecchia* and its progeny, argued that the joinder of offenses violated Fifth and Fourteenth Amendment rights to due process and denied him a fair trial of the burglary and assault charges because the state was allowed to introduce evidence of a 1970 conviction for aggravated assault (a felony) which would have been inadmissible in a separate trial of those counts. The district court dismissed the petition without prejudice in order to allow Oliver to exhaust state remedies.

In 1982, Oliver refiled and attached exhibits to his petition which showed that he had completed exhaustion. The petition was referred to a United States Magistrate, pursuant to 28 U.S.C. § 636(b)(1)(B), who allowed the parties ample time to brief the issues and then issued a factually detailed and exhaustively researched report of proposed findings of fact and conclusions of law (Report and Recommendation) which addressed two issues: (1) whether the *Panzavecchia* holding could be retroactively applied; and (2) whether Oliver would be entitled to relief if *Panzavecchia* did apply to his case. After a thorough and accurate review of federal and Florida precedent, the magistrate concluded that:

... *Panzavecchia* may be subject to retroactive application. From a reading of *Panzavecchia*, the admission of such evidence may impair the truth-finding function of the courts. When this is the case, considerations of the severe impact on

the administration of justice and good-faith reliance must yield. (Record Vol. I, p. 96).

The magistrate then assumed retroactivity for the sake of argument, reviewed the evidence introduced at trial and concluded that "[i]t appears that the evidence of Petitioner's guilt is so overwhelming that the introduction of his prior conviction into evidence did not render his trial fundamentally unfair." (Record Vol. I, p. 109) (citations and footnote omitted). After receiving Oliver's objections to the Report and Recommendation, the district court ordered the parties to submit further memoranda regarding the retroactivity of *Panzavecchia.* After receiving memoranda and conducting a *de novo* review the district court adopted and confirmed the Magistrate's Report and Recommendation, denied the writ and dismissed the case with prejudice. Oliver obtained a certificate of probable cause, Fed. R.App.P. 22(b), and appealed *pro se.* After receiving briefs from both sides, this court appointed counsel for Oliver and ordered oral argument and further briefing.

The state argues that the magistrate erred in his evaluation of the retroactivity issue. (And, consequently, that the district judge erred in adopting the magistrate's conclusions of law.) Oliver argues that *Panzavecchia* is retroactive by its own terms, that the error was reversible *per se,* and that the magistrate erred in finding that he had failed to show sufficient prejudice to satisfy the *Panzavecchia* standard. Specifically, Oliver argues that the Report and Recommendation errs in relying in part on the fact that he testified in his own behalf; that the testimony was incredible and that the fact that he had a prior felony conviction would have been admissible to impeach his testimony even if the counts were severed. (Record Vol. I, p. 110). Oli-

ver asserts that these considerations unfairly presume that he would have testified even if the severance had been granted. We note that he argued a related point before the trial court, *i.e.,* that the joinder of the offenses prejudiced the exercise of his Fifth Amendment right because he was deprived of the option of avoiding impeachment by evidence of a prior felony conviction by simply declining to testify in his own behalf. We are inclined to agree that the magistrate's findings concerning Oliver's credibility and the inevitable admissibility of the conviction may have been gratuitous in a decision whether the trial was prejudiced by misjoinder, however, our review of findings in the context of the entire opinion as well as our review of the trial record, which is replete with corroborated eyewitness testimony and circumstantial evidence of Oliver's guilt, convinces us that the magistrate correctly concluded that the admission of the 1970 aggravated assault conviction was insufficient to render the trial fundamentally unfair.[1] Accordingly, we need not decide in this case whether *Panzavecchia* may be retroactively applied because Oliver would not have been entitled to relief even if that decision had been rendered before his 1975 trial.

At oral argument, Oliver's counsel asserted that this court cannot find that the error was harmless because Oliver might have been convicted of a lesser included offense if the jury had not learned the nature of his prior conviction for aggravated assault. We have considered the possibility of jury pardons in the past in deciding whether the introduction or omission of evidence has prejudiced a habeas petitioner's trial. *Turnquest v. Wainwright,* 651 F.2d 331, 334 (5th Cir.1981) (Unit B) (*dicta* in case affirming grant of the writ on the

---

1. There was only one slight contradiction in the evidence. A police officer who interrupted the burglary of a drugstore identified Oliver as the man he saw run from the building, fire a gun at him and run into a wooded area. The policeman fired a shotgun six times in return from a distance of approximately 25 feet and thought at the time of the shooting that he "... might have possibly hit him [the burglar] one time." (Trial

transcript pp. 80, 115). When Oliver was arrested by other officers, they found no pellet marks on him. We view the lack of pellet marks as a reflection on the officer's marksmanship rather than the accuracy of his in-court identification of Oliver. Another in-court identification, as well as scientific and circumstantial evidence of Oliver's identity and presence at the scene of the crime, corroborated the officer's testimony.

basis of defense attorney's conflict of interest.) We do not find the possibility of a jury pardon at all significant in this case. A jury which has heard two police officers testify that they saw the defendant fire a pistol at one of them is unlikely to give a jury pardon on either a burglary or an assault count.[2]

We concur with the magistrate's conclusion that the joint trial of the three counts was not fundamentally unfair in Oliver's case. Accordingly, we AFFIRM the judgment of the district court denying the writ with prejudice.

AFFIRMED.

---

[2]. If there was ever any doubt whether misjoinder of offenses could be harmless error, that doubt was recently dispelled by *United States v. Lane,* —— U.S. ——, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).