**Albert BREELAND,**
**Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden,**
**Louisiana State Penitentiary,**
**Respondent-Appellee.**

**No. 85–3678**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 11, 1986.

Albert Breeland, pro se.

Julia S. Coley and Timothy M. Warner, Asst. Dist. Attys., New Orleans, La., for respondent-appellee.

Before CLARK, Chief Judge, and WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Albert Breeland, is at present serving sentences in the Louisiana State Penitentiary. Before us is his appeal from the denial by the United States District Court of his petition for habeas corpus, 28 U.S.C. § 2254. He also has moved for the appointment of counsel to prosecute this appeal. Appellant was convicted in Louisiana state court in 1975 of aggravated burglary, La.R.S. 14:60, and possession of a firearm by a convicted felon, La.R.S. 14:95.-1. He has exhausted his state remedies on the issue which he presents in his habeas corpus petition.

It is appellant's contention that the State of Louisiana violated his right to a fair trial by the joinder in one trial of the two offenses, aggravated burglary and possession of a firearm by a convicted felon. This is his only contention on appeal, and it is based upon the obvious claim that the possession of firearms charge revealed to the jury the presence of a prior felony conviction on appellant's record.

The starting point of our analysis must be emphasized. We are not concerned with the Louisiana law concerning joinder of offenses since our inquiry must be limited to appellant's rights to a fair trial under the United States Constitution. The issue before us is whether the criminal procedures to which appellant was subjected meet federal due process-fair trial standards under the Fourteenth Amendment.

We do not outline the facts in detail since it is not necessary to do so to

resolve the constitutional issue which is raised. The facts reveal clearly that the aggravated burglary offense and the possession of a firearm by a convicted felon offense grew out of the same transaction since he carried the weapon throughout the course of the burglary. Fed.R.Crim.P. 8(a). The next step in the analysis is to recognize that the state habeas corpus decisions, *e.g., Alvarez v. Wainwright,* 607 F.2d 683 (5th Cir.1979), claiming a right to severance and cases reviewing federal convictions involving the same issue are treated interchangeably in the courts. This is because the federal courts could not constitutionally engage in improper and prejudicial joinder any more than state courts could. *Panzavecchia v. Wainwright,* 658 F.2d 337, 341 (5th Cir.1981).

In turning to the matter of severance in this particular case, we set out the well established controlling principle as stated in *United States v. MacIntosh,* 655 F.2d 80, 84 (5th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1450, 71 L.Ed.2d 662 (1982). In that case we said: "Severance is within the discretion of the trial court and is required only in cases of compelling prejudice." And in *United States v. Abshire,* 471 F.2d 116, 118 (5th Cir.1972), we said: "The burden of demonstrating prejudice is a difficult one, and the ruling of the trial judge will rarely be disturbed by a reviewing court." *See* Fed.R.Crim.P. 14. These principles apply even though as we said in the case of *United States v. Aleman,* 609 F.2d 298, 310 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980): "Severance could have avoided that issue [the issue which is before us], but we find no clear abuse of the trial court's discretion." Finally, the Court of Appeals for the Tenth Circuit emphasized a realistic consideration in such cases when it pointed out in *United States v. Valentine,* 706 F.2d 282, 290 (10th Cir.1983): "The relationship of the charges grew out of the defendant's own conduct."

A number of cases before this Court have upheld the denial of severance even when one of the charged offenses involves proof of a prior felony. The propriety of a single trial was upheld in *United States v. Abshire, supra,* 471 F.2d 116, where the accused was tried for transporting a stolen motor vehicle and also transporting a firearm after having been convicted of a felony. In *United States v. Pietras,* 501 F.2d 182 (5th Cir.), *cert. denied,* 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974), the single trial of accused was upheld even though he was charged with armed bank robbery, kidnapping, transportation of a stolen vehicle, transportation of a firearm in interstate commerce by a convicted felon, and possession of an unregistered firearm. *United States v. Park,* 531 F.2d 754 (5th Cir.1976), upheld the single trial of the accused involving a charge of manufacturing a controlled substance and receipt by a convicted felon of a firearm. *United States v. Aleman, supra,* 609 F.2d 298, upheld denial of severance when the charges involved substantive conspiratorial and racketeering counts under Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968 (1976), with a count of transporting firearms in interstate commerce after conviction of a felony. These cases establish the constitutionality of the common discretionary decision of the trial courts to refuse severance even though proof of one of the counts requires proof of a prior felony conviction.

Neither party has made reference to the case cited earlier in this opinion, *Panzavecchia v. Wainwright,* 658 F.2d 337 (5th Cir.1981). But this Court is also bound to recognize and apply the holding in *Panzavecchia.* In that case we upheld the granting of habeas corpus in a situation at least somewhat similar to that here before us. Panzavecchia was charged with first degree murder and also possession of a weapon by a convicted felon. The Court upheld the district court's finding that the single trial of these two offenses under the circumstances was unduly prejudicial, and the convictions were set aside.

There are three significant distinctions in the *Panzavecchia* case which indicate that it is not applicable to the other Fifth Circuit

holdings outlined above and to the facts of the instant case. First, the opinion in *Panzavecchia* emphasized that the prior felony conviction was of a wholly unrelated offense of counterfeiting and that there was constant reference to and emphasis upon the earlier offense throughout the trial. Second, no corrective instruction was given to the jury to the effect that the prior offense was proved solely for the purpose of establishing one of the elements of the current weapons charge. Third, the district court in its discretion decided on the basis of the record before it that the failure to sever was unduly prejudicial under the facts of the case.

■ There is no indication in the record in the instant case that there was any undue emphasis upon the prior felony conviction of appellant. The conviction was for simple burglary. In other words, there was no showing that more was done with this conviction than establish the requisite element of the current weapons charge. In addition, while the instructions to the jury are not included in the record, the record contains a notation that no objections were made to the jury charge. We must, therefore, assume that the instructions dealt adequately with the problem.

■ Finally, Fed.R.Crim.P. 14 requires us to evaluate in this case the possible prejudice arising from the discretionary decision denying severance. *Tribbitt v. Wainwright,* 540 F.2d 840, 841 (5th Cir. 1976), *cert. denied,* 430 U.S. 910, 97 S.Ct. 1184, 51 L.Ed.2d 587 (1977). As we said in *Alvarez v. Wainwright,* 607 F.2d at 685: "To find that a trial was rendered fundamentally unfair, we believe that *as a minimum* appellant must demonstrate prejudice sufficient to warrant relief under Fed. R.Crim.P. 14...."

■ The issue of possible prejudice in this case is resolved by the record. The evidence of guilt of the appellant was overwhelming. Appellant was seen engaging in the burglary by the occupant of a neighboring apartment. Police were immediately called, and appellant was apprehended within a very short distance from the apartment carrying goods stolen from the burglarized dwelling. He was also seen to throw his firearm under a parked car just before the police reached him to apprehend him. Our final conclusion must be, therefore, that even though there exist cases like *Panzavecchia* which emphasize the seriousness of trying two such criminal charges in the same trial, it cannot be an abuse of discretion for the district court to refuse to force the burden upon the state to try the two charges separately where the petitioner falls far short of showing any possibility of prejudice under Fed.R. Crim.P. 14.

We deny the motion for appointment of counsel, and we affirm the denial by the district court of the petition for habeas corpus.

MOTION to appoint counsel DENIED.

Denial of habeas corpus petition AFFIRMED.