**Phillip Ronald STONE,**
**Petitioner-Appellant,**

v.

**Calvin GREEN, Superintendent,**
**Respondent-Appellee.**

No. 85–8747.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1986.

Michael C. Clark, Lawrenceville, Ga., for petitioner-appellant.

Paula K. Smith, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before CLARK, Circuit Judge, TUTTLE and HENDERSON *, Senior Circuit Judges.

## PER CURIAM:

Appellant Phillip Ronald Stone, a Georgia inmate, appeals from the district court's denial of his petition for a writ of habeas corpus. In a single trial in 1983, appellant was convicted of malice murder and unlawful possession of a firearm by a convicted felon. Although his convictions were affirmed on direct appeal, appellant here attacks his murder conviction on grounds that it was obtained in violation of due process. Appellant argues that the state trial court committed constitutional error in failing to grant his motion for severance of the charges. Without severance, the state was allowed to introduce evidence of a prior felony conviction for possession and sale of marijuana. Although this evidence was necessary to support the firearms charge, it was, in appellant's opinion, irrelevant and highly prejudicial to the jury's consideration of the murder charge. Consequently, he argues that introduction of this evidence rendered his trial for murder fundamentally unfair.

The district court below, on recommendation of a magistrate, rejected appellant's contentions. The court found that even though denial of severance was erroneous as a matter of state law,[1] the resulting use of prior conviction evidence was constitutionally harmless since evidence of appellant's guilt was overwhelming. Appellant here argues that the district court's conclusion is based on an incorrect view of the law. Appellant believes that erroneous introduction of prior conviction evidence is per se constitutional error which can never

be excused by the weight of the evidence. We disagree, and affirm the district court's denial of relief.

Appellant relies on the case of *Panzavecchia v. Wainwright,* 658 F.2d 337 (5th Cir. Unit B 1981), the facts of which are nearly identical to his own. In *Panzavecchia,* a Florida defendant was indicted for two counts of first degree murder and unlawful possession of a firearm by a convicted felon. Severance of the charges was denied, and evidence of Panzavecchia's prior conviction for counterfeiting was introduced at the unified trial to prove the firearms violation. Panzavecchia later challenged his murder convictions in habeas proceedings, claiming that the denial of severance rendered trial of the murder charges fundamentally unfair.

In reviewing this claim, the former Fifth Circuit observed that two violations were in fact asserted. First, use of the prior conviction violated Florida evidentiary rules because the conviction was irrelevant to the murder charge. Second, use of the conviction resulted from an erroneous denial of severance. The court then noted that evidentiary errors are cognizable in habeas only if they are "material in the sense of crucial, critical, highly significant factors" at trial. *See* 658 F.2d at 340. Denial of severance, on the other hand, merits relief whenever a petitioner demonstrates specific and compelling prejudice from a unified trial. *See id.* at 341. The court proceeded to analyze Panzavecchia's claim, but solely under the standard for denial of severance. Specific and compelling prejudice was found because the prior conviction would have been inadmissible at a separate trial and the trial court made little attempt to

---

\* *See* Rule 3(b), Rules of U.S. Court of Appeals for the Eleventh Circuit.

1. The district court reached this conclusion by interpreting the opinion of the Georgia Supreme Court on direct review. That court's opinion states only that the prior conviction was irrelevant to malice murder but did not contribute to conviction of that offense. *See Stone v. State,* 253 Ga. 433, 321 S.E.2d 723, 725 (1984). The opinion does not state that severance should have been granted. Indeed, the Georgia Su-

preme Court's citation to *Head v. State,* 253 Ga. 429, 322 S.E.2d 228 (1984), suggests that appellant's case falls within an exception to severance or bifurcated trial discussed in *Head* 322 S.E.2d at 232. Consequently, we view the use of the prior conviction evidence as "erroneous" only to the extent it was irrelevant to a charge of malice murder. The issue of whether denial of severance was erroneous will be considered only as it bears on appellant's claim of fundamental unfairness.

limit the jury's use of the evidence at the unified trial. Consequently, relief was granted.

■ Appellant claims that his case is identical to that of *Panzavecchia* and therefore he should be granted relief. In fact, appellant's case differs from *Panzavecchia* in a crucial aspect: appellant's prior conviction would have been admissible at a separate murder trial. At such a trial, appellant could have been tried for felony murder as well as malice murder because, under Georgia law, unlawful possession of a firearm by a convicted felon will support a felony murder charge. Such was not the case in *Panzavecchia*, however, because Florida law does not recognize this firearms violation as an underlying felony for felony murder.

Despite this difference in applicable state law, appellant insists that in his particular case felony murder could not have been charged at a separate trial. Appellant claims that his indictment did not afford sufficient notice of felony murder liability since it neither charged the offense as a separate count nor alleged all facts requisite to the charge. We disagree. Georgia law provides that a defendant may be tried for all crimes explicitly set forth in his indictment, as well as any lesser crimes which are included by law or through the facts alleged therein. *See McCrary v. State*, 252 Ga. 521, 314 S.E.2d 662 (1984). Appellant's two-count indictment alleged not only malice murder but also a firearms charge. The Georgia Supreme Court has held that such a two-count indictment is sufficient to afford notice of the lesser included offense of felony murder.[2] *See id.* Therefore, appellant's prior conviction would have been admissible at a separate

trial to prove felony murder implicitly charged along with malice murder.

The remaining similarity between the cases asserted by appellant is the fact that in neither was the jury carefully instructed on the role of prior conviction evidence. In *Panzavecchia,* the jury was only instructed in the final charge that the evidence on each count should be considered separately. *See* 658 F.2d at 338. The former Fifth Circuit held this fundamentally unfair because the lack of a more specific instruction left the jury free to consider a prior conviction which was wholly irrelevant to murder under any circumstances. In appellant's case, no limiting instruction of any kind was given but the lack of such instruction does not rise to the level of fundamental unfairness. The prior conviction evidence was not totally irrelevant to the charge of murder since, under Georgia law, that count included felony murder. The jury properly considered the evidence with respect to the felony murder charge even though it ultimately found appellant guilty of malice murder. Thus, appellant's analogy to *Panzavecchia* is flawed and cannot form the basis for relief.

Appellant argues nonetheless that *Panzavecchia* is controlling because it rejected the harmless error standard employed by the court below. Appellant claims that since the *Panzavecchia* court used only the test of specific and compelling prejudice, and made no reference to the weight of the evidence, the concept of harmless error does not apply to his claim of wrongful denial of severance. According to appellant, the *Panzavecchia* court implicitly held that since irrelevant prior conviction evidence is inherently prejudicial, its introduction is a crucial, critical and highly significant error which can never be harmless. We do not believe that *Panzavecchia* can

---

2. Contrary to appellant's assertions, each count of the indictment need not assert all the facts necessary to establish felony murder. *McCrary* specifically states that the factual allegations of each count may be combined so long as the facts indicate that the non-murder felony occurred in the course of or was related to the murder. *See* 314 S.E.2d at 665. To the extent appellant believed the indictment gave insuffi-

cient notice of the felony murder charge, he should have raised that issue in state court. Instead, appellant argued at trial that firearms possession should not be grounds for felony murder. That is not, however, an objection to the sufficiency of notice. Therefore, appellant's argument against use of the conviction for felony murder is unpersuasive.

be read to include these propositions since they contradict the law of this circuit.

Despite the prejudice inherent in erroneous use of prior convictions, the introduction of such evidence is not deemed per se justification for habeas relief. A prior panel of the former Fifth Circuit has held that prior conviction evidence is not crucial, critical and highly significant when other evidence of guilt is overwhelming. *See Bryson v. Alabama,* 634 F.2d 862, 865 (5th Cir. Unit B 1981) (improper evidence of conviction and escape from prison). This holding is tantamount to application of the harmless error standard and is binding on this panel just as it was on the panel in *Panzavecchia. See Bonner v. City of Prichard, Alabama,* 661 F.2d 1206 (11th Cir.1981).

We also concur in the district court's finding that use of appellant's prior drug conviction was in fact constitutionally harmless under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We have reviewed the state trial record in detail and conclude that there was overwhelming evidence showing appellant had intentionally shot his victim. Four eyewitnesses testified that appellant drove up to the house where the victim was living, got out of his car and said to the victim "I got something for you Charlie buddy." Before the victim had climbed down from the truck bed on which he had been sitting, drinking beer, appellant shot him with a shotgun. No witness corroborated appellant's statement that the victim was drawing a gun as he left the truck, and no gun was found on the body. On the contrary, appellant's story of killing in surprised self-defense was greatly weakened by testimony that he knew where the victim would be at the time of the shooting, that he had stated he was going to kill the victim and that he had previously attempted to start a knife fight with the victim.[3] Indeed, appel-

lant's claim of self-defense is almost incredible given his testimony that he had put the shotgun in the trunk of his car after doing some recreational shooting several hours before the killing. Although appellant had no obligation to explain how or when he removed the gun, he never rebutted or impeached testimony that he had removed the gun from the trunk just before driving to the victim's house, with the stated intent of shooting the victim.

For these reasons, we find that appellant has not demonstrated fundamental unfairness in his trial for malice murder. The district court's denial of relief is

AFFIRMED.

---

3. Appellant makes much of the facts that the victim had threatened to kill him and had attempted to purchase a pistol a few hours before the killing. Although appellant was informed of the threat, he did not know at the time of the shooting that the victim had tried to get a gun. Therefore, his belief that the victim was attempting to shoot him was not nearly as credible as he contends in his brief.