947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Delbert Jackson BARRETT, Petitioner-Appellant,
v.
STATE OF OKLAHOMA; Tulsa County, Respondents-Appellees.
 No. 90-5164.
 United States Court of Appeals, Tenth Circuit.
 Nov. 5, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Delbert Barrett was convicted in state court of the first degree rape of his minor stepdaughter Toni, and of the lewd molestation of his minor stepdaughter Lisa. The rape conviction was reversed on direct appeal for failure of proof on the element of penetration. Barrett brought this pro se petition for federal habeas corpus relief with respect to the lewd molestation conviction, asserting numerous constitutional claims. The matter was referred to a magistrate, who issued a thorough report and recommended that relief be denied. The district court adopted the report and Barrett appeals. We affirm.
 
 
 3
 Barrett's petition in the district court raised fourteen issues, some of which he abandons on appeal and some of which he has consolidated. In this court, he contends that his right to a speedy trial was violated, his trial was fundamentally unfair, his arraignment was delayed, and his counsel was ineffective.
 
 
 4
 Barrett asserts that the federal Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. (1988) is applicable to his state prosecution. However, the law is clear that the provisions of this Act do not apply unless an individual is taken into federal custody to respond to a federal charge. See, e.g., United States v. Johnson, 815 F.2d 309, 312 (5th Cir.1987), cert. denied, 484 U.S. 1068 (1988) (citing cases).[1]
 
 
 5
 Barrett also contends that he was denied due process in his state trial as a result of the joinder of the rape and molestation charges and by several evidentiary rulings. To be entitled to federal habeas relief, a petitioner who alleges a due process denial arising from the state court's failure to grant a severance must show prejudice so severe as to deny the right to a fair trial. See Leach v. Kolb, 911 F.2d 1249, 1258-60 (7th Cir.), cert. denied, 111 S.Ct. 441 (1990); Alvarez v. Wainwright, 607 F.2d 683, 685-86 (5th Cir.1979). The gist of Barrett's argument on this issue is that the evidence supporting the molestation charge was minimal, and that because of "social attitudes" the prejudice resulting from the evidence presented on the rape charge spilled over to taint the molestation conviction. We disagree. Our review of the record reveals substantial evidence to support the molestation charge, namely the testimony of the victim, her sister, and her mother. Moreover, we reject Barrett's argument that the evidence of the rape of his older stepdaughter is inherently more prejudicial on the basis of "social attitudes" than the evidence of the molestation of his younger stepdaughter.
 
 
 6
 Barrett also alleges a denial of due process arising from the admission of evidence of other crimes, the admission of testimony from his daughter and his wife, and from the improper impeachment of a defense witness. " 'State court rulings on the admissibility of evidence may not be questioned in federal habeas corpus proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Chavez v. Kerby, 848 F.2d 1101, 1102 (10th Cir.1988) ( quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979)). We find no fundamental unfairness arising from the admission of this evidence. As stated above, the evidence of guilt was substantial and the court gave a proper limiting instruction on the other crimes evidence. We find nothing in the record to indicate that the thirteen year old victim was not competent to testify, nor do we find an issue of fundamental fairness created by the impeachment of the defense witness.
 
 
 7
 We likewise find no merit in Barrett's argument that the delay in his arraignment violated state law and thereby violated his due process rights. "A federal court may not grant a state prisoner habeas corpus relief for mere violations of state law." Willard v. Pearson, 823 F.2d 1141, 1149 (7th Cir.1987). Any constitutional claim based on such delay requires a showing of prejudice, see Gutierrez, 922 F.2d at 1472, and Barrett has made no allegation of prejudice here.
 
 
 8
 Finally, we turn to Barrett's claim that he received ineffective assistance of counsel. We must presume that an attorney's conduct " 'falls within the wide range of reasonable professional assistance.' " United States v. Owens, 882 F.2d 1493, 1501 (10th Cir.1989) ( quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). Barrett asserts that his counsel was constitutionally deficient in failing to vigorously cross-examine his wife on her mental status. The record reveals that the jury knew Barrett's wife had attempted suicide, that she used a cane, and that she had to be helped to walk into court. Barrett has simply not overcome the presumption that his counsel's decision not to vigorously attack this witness was sound trial strategy.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although Barrett based his claim solely on the federal Speedy Trial Act, we note that he has failed to make any allegations sufficient to state a claim under the Sixth Amendment. See Gutierrez v. Moriarty, 922 F.2d 1464, 1472-73 (10th Cir.), cert. denied, 112 S.Ct. 140 (U.S.1991)