PER CURIAM:
 

 Michael Atkins, an Alabama inmate currently serving a twenty-year sentence for burglary, appeals the district court’s dismissal of his petition for habeas corpus brought under 28 U.S.C. § 2254. We now reverse.
 

 I.
 

 Atkins originally brought a petition claiming that his incarceration was in violation of due process because counsel was not appointed for him at his preliminary hearing; the evidence was insufficient to support his conviction; and he was denied effective assistance of counsel. The district court denied the petition and Atkins appealed. This court affirmed the district court in part but remanded the case for consideration of the issue of ineffective assistance of counsel, which was not raised in the original petition but was raised for the first time at the evidentiary hearing held before the magistrate. In this claim, which was not addressed by the district court, Atkins argued that he had received ineffective assistance of trial counsel because his attorney failed to object to the admission into evidence of a fingerprint card that contained a notation of a prior arrest. On remand, the district court denied the claim on the merits based on the recommendation of the magistrate.
 

 Atkins bases his claim of ineffective assistance of counsel on the failure of his attorney to object to the introduction into evidence of a fingerprint card. The card was introduced into evidence to make a comparison between Atkins’ fingerprints and the fingerprints found at the crime scene. The card, however, contained a notation that Atkins previously had been arrested. The card did not indicate the nature of the previous offense. Atkins claims that his attorney’s failure to object to the admission of the fingerprint constituted ineffective assistance of counsel as the card was not admissible as a matter of state law, and the improper introduction of the card prejudiced his defense by allowing the jury to be influenced by the fact that Atkins was previously arrested.
 

 II.
 

 A.
 
 Exhaustion
 

 The instant claim of ineffective assistance of counsel was not raised in the Alabama state courts either on direct appeal or in the petition for writ of error
 
 coram nobis.
 
 The State did not address the issue of exhaustion or procedural default either in the district court or on appeal. The district court stated that it “need not consider whether the issue is procedurally defaulted or not properly raised” because the claim was meritless and Atkins was not entitled to relief.
 

 Generally, all habeas corpus claims seeking to overturn a state conviction in federal court must have been previously raised and exhausted in the state court.
 
 See Rose v. Lundy,
 
 455 U.S. 5@|), 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, the State may waive exhaustion either expressly or impliedly.
 
 See Thompson v. Wainwright,
 
 714 F.2d 1495 (11th Cir.),
 
 cert. denied,
 
 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1983). When the State has not raised lack of exhaustion in the district court or on appeal, ordinarily that constitutes an implied waiver of the exhaustion requirement.
 
 See Hopkins v. Jarvis,
 
 648 F.2d 981, 983 n. 2 (5th Cir. Unit B 1981). Therefore, the merits of the claim are properly before the court.
 

 B.
 
 Merits
 

 Atkins argues that the district court erred in finding that trial counsel was not
 
 *1428
 
 ineffective for failing to object to the admission of the fingerprint card into evidence. The State argues that Atkins has not shown that counsel was ineffective because the prior arrest information contained on the fingerprint was not prejudicial. The district court found that the introduction of the prior arrest was not prejudicial and denied the claim on this basis.
 

 To establish that trial counsel was ineffective, a petitioner must show that (1) the counsel’s performance was deficient because it fell below an objective standard of reasonableness and (2) there is a reasonable probability that but for the deficiency the result of the trial would have been different.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). The district court did not reach the issue of whether counsel’s performance was deficient because it held that even if it were deficient, the introduction of the prior arrest evidence did not prejudice the trial.
 

 Both components of an ineffective assistance of counsel claim are mixed questions of law and fact.
 
 Strickland,
 
 104 S.Ct. at 2070. The district court’s conclusion is entitled to no special deference, and this court is obligated to review trial counsel’s performance and decide independently whether the constitutional claim has merit.
 
 See Washington v. Watkins,
 
 655 F.2d 1346, 1355 (5th Cir. Unit A 1981). The claim must be analyzed from the perspective of counsel and must be judged by the totality of the circumstances.
 
 Id.
 
 at 1356.
 

 Under Alabama law, fingerprint cards which clearly reveal the defendant’s past contact with law enforcement agencies are not admissible evidence in criminal trials.
 
 Ex Parte Johnson,
 
 507 So.2d 1351, 1357 (Ala.1986). In
 
 Johnson,
 
 the Alabama high court reversed a conviction in which a fingerprint card that contained a list of prior arrests was admitted into evidence. The court found that “such an inference (of prior arrest) would have had an almost irreversible impact upon the minds of the jurors.”
 
 Id.
 
 at 1357. The conviction was reversed even though counsel had not objected to the introduction of the fingerprint card at trial.
 

 A review of the trial transcript indicates that counsel did not object to the introduction of the fingerprint card and that without the fingerprint evidence the conviction would have been unlikely. Further, the record indicates that counsel may not have known about the tainted fingerprint card until the day of trial. In light of the Alabama law, and in viewing the performance of counsel from the counsel’s perspective and in consideration of the totality of the circumstances, the only conclusion can be that counsel’s performance was deficient. The notation of prior arrest is clearly printed on the fingerprint card, and counsel should have recognized that this would have prejudiced the defense.
 

 An analysis of the totality of the circumstances reveals that the introduction of the prior arrest evidence so prejudiced the defense as to affect the outcome of the trial. Counsel error will not support an ineffective assistance of counsel claim unless the error prejudiced the petitioner’s defense.
 
 Strickland, supra.
 
 A general observation that trial counsel failed to object to physical evidence does not in itself prove that counsel was ineffective absent a showing of prejudice.
 
 Messer v. Kemp,
 
 760 F.2d 1080, 1089-90 (11th Cir.1985),
 
 cert. denied,
 
 474 U.S. 1088, 106 S.Ct. 864, 88 L.Ed.2d 902 (1986).
 

 The State argues and the district court concluded that Atkins had failed to show prejudice. As the district court recognized, however, the evidence of guilt was not “overwhelming.” Our review of the record confirms this assessment. While Atkins' fingerprints were found at the scene of the crime, the victim testified that Atkins worked for him and had been in the house two days prior to the crime.
 

 The State argues that the fingerprint card merely showed that Atkins had been arrested for a crime rather than convicted. While introduction of a previous arrest is less prejudicial to a defendant than a previous conviction, as the court in
 
 Johnson
 
 noted, the introduction of a previous arrest
 
 *1429
 
 can have “an almost irreversible impact on the minds of the jurors.” 507 So.2d at 1357. As in this case when the evidence of guilt is not overwhelming, evidence of a prior arrest can prejudice a defendant’s trial.
 
 Stone v. Green,
 
 796 F.2d 1366, 1369 (11th Cir.1986). Atkins has shown that there is a reasonable probability that the result of his trial would have been different.
 

 III.
 

 The judgment of the district court is REVERSED and the case is REMANDED with instructions that the writ be granted.