**UNITED STATES of America**

v.

**Maduwuba Oluchukwu IBEKWE.**

**No. 90–266–CR–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

July 7, 1995.

Mark Jay Krum, Tampa, FL, for U.S.

Michael Stepakoff, Tampa, FL, for Maduwuba Oluchukwu Ibekwe.

*ORDER ON PETITION FOR WRIT OF CORAM NOBIS OR IN THE ALTERNATIVE FOR WRIT OF AUDITA QUERELA AND EQUITABLE RELIEF*

KOVACHEVICH, District Judge.

This cause of action is before the Court on Plaintiff's Motion for Writ of *Coram Nobis* or in the Alternative for Writ of *Audita Querela* and Equitable Relief (Docket No. 284); Plaintiff's Emergency Motion for a Preliminary Injunction or in the Alternative for a Temporary Restraining Order (Docket No.

286); and responses thereto (Docket Nos. 287 and 288).

Plaintiff Maduwuba Oluchukwu Ibekwe (hereinafter "Ibekwe") asks this Court to vacate or set aside his conviction for heroin importation based upon a claim of ineffective assistance of counsel. Additionally, Petitioner, who is a resident alien currently being detained by the Immigration and Naturalization Service (hereinafter "INS"), requests this Court to stay the deportation proceeding against him pending the resolution of his petition for writ of *coram nobis* (See Docket No. 286).

The United States Customs Service (hereinafter "Customs") arrested Ibekwe, a citizen of Nigeria, on October 11, 1990, after Ibekwe's arrival at the Orlando International Airport on a KLM international flight. A search revealed that Ibekwe had concealed numerous packages of heroin in his abdominal and groin areas. He was charged in a multi-defendant, four (4) count Superseding Indictment on November 9, 1990.

On January 25, 1991, Ibekwe filed a motion to suppress statements and physical evidence. This Court granted his motion in part, suppressing Ibekwe's statements, but not the physical evidence. See *United States v. Ibekwe*, 760 F.Supp. 1546, 1556–1558 (M.D.Fla.1991), *aff'd*, 990 F.2d 1267 (11th Cir.1993).

On April 2, 1991, Ibekwe pleaded guilty to importation of heroin, in violation of 21 U.S.C. §§ 952(a), 960 and 18 U.S.C. § 2, under Count three (3) of the Superseding Indictment, specifically reserving his right to appeal the district court's partial denial of his motion to suppress evidence. On October 15, 1991, Ibekwe was sentenced to a term of imprisonment of sixty (60) months.

On October 25, 1991, Ibekwe filed a notice of appeal. The Eleventh Circuit Court of Appeals affirmed Ibekwe's conviction on April 15, 1993, rejecting his challenge to the district court's decision not to suppress physical evidence. *Id.*

On July 12, 1993, Ibekwe filed his first petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government responded to Ibekwe's petition

and this Court entered an order denying relief on September 8, 1993. The Eleventh Circuit affirmed. Ibekwe claimed in his original petition that the government violated his right to due process by knowingly using perjured testimony from a Customs official and that this Court improperly denied his § 2255 petition without an evidentiary hearing (Docket No. 258).

Unsuccessful in his initial *habeas* petition, Ibekwe now files a second petition to vacate the judgement imposed by this Court. Ibekwe's instant petition requests relief by writ of *coram nobis* pursuant to 28 U.S.C. § 1651(a). Generally, a writ of *coram nobis* is available only when the petitioner cannot satisfy a § 2255 custody requirement. See *United States v. Stoneman*, 870 F.2d 102, 105–06 (3d Cir.1989), *cert. denied*, 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989); *United States v. Folak*, 865 F.2d 110, 113 (7th Cir.1988). Ibekwe satisfies the § 2255 custody requirement by serving a four (4) year term of supervised release. See *Wright v. United States*, 732 F.2d 1048 (2d Cir.1984), *cert. denied*, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985); *Chukwurah v. United States*, 813 F.Supp. 161, 163–64 (E.D.N.Y.1993). Accordingly, this Court considers this petition requesting relief by writ of *coram nobis* as a § 2255 petition.

Ibekwe alleges in the instant petition that his defense counsel's failure to advise him of the potential sanctions to which he would become subject under Nigerian law for being convicted of a narcotics offense in the United States constituted ineffective assistance of counsel, thereby rendering Ibekwe's guilty plea invalid (Docket No. 284). Ibekwe states that he became aware of Nigerian National Drug Law Enforcement Agency Decree Number 33 of 1990 (hereinafter "Decree 33") only after his transfer to Louisiana for deportation proceedings. Decree 33 provides that citizens of Nigeria who were convicted on drug-related offenses outside Nigeria will be sentenced to five (5) additional years of imprisonment on the basis of the overseas drug conviction (Docket No. 284, at p. 3, ¶ 6). Ibekwe claims that had he been aware of Decree 33 at the time he entered a guilty plea on April 2, 1991, he would not

have entered that guilty plea "without attempting to mitigate the impact of Decree 33 on Petitioner" (Docket No. 284, at p. 5, ¶ 13).

Ibekwe's instant petition is barred by procedural default. The Supreme Court has defined the standard for reviewing issues raised for the first time by a petitioner in a successive § 2255 petition. The Court held that the district court should not entertain issues which were not raised in prior proceedings unless the petitioner can show: 1) cause for not previously raising the claims; and 2) actual prejudice resulting from the asserted error. If the petitioner cannot show cause and prejudice he has "abused the writ." *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). However, the government bears the burden of pleading "abuse of writ" in the district court. *Id.* at 493–95, 111 S.Ct. at 1470. The government meets this burden if it:

1) Notes with particularity the petitioner's prior writ history;

2) Identifies the claims in the instant writ which have not been previously raised; and

3) Alleges abuse of the writ.

The burden then shifts to the petitioner to show cause for the procedural default. No evidentiary hearing is necessary if the district court can determine as a matter of law that cause cannot be shown. *Id.*

In the case at bar, the government has alleged abuse of the writ per *McCleskey*. See *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The government has met the first part of the burden of proof of abuse of writ by noting with particularity Ibekwe's prior writ history. The government has identified the claim in the instant writ not previously raised, specifically, the claim of ineffective assistance of counsel. Finally, the government has alleged that the Plaintiff has abused the writ (See, generally, Docket No. 288).

In the instant petition, Ibekwe fails to show sufficient cause for this procedural default. The "cause" requirement is not met merely because an attorney fails to recognize a reasonably available claim or fails to raise a claim despite recognizing it. *Pitts v. Cook,*

923 F.2d 1568, 1573 (11th Cir.1991) (citing *Murray v. Carrier,* 477 U.S. 478, 486–87, 106 S.Ct. 2639, 2644–45, 91 L.Ed.2d 397 (1986)). "[B]ecause law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance." See *Pelmer v. White,* 877 F.2d 1518, 1523 (11th Cir.1989).

Ibekwe also fails to show actual prejudice resulting from this alleged error. While Ibekwe states that had he known about Decree 33 on April 2, 1991, he would not have entered that guilty plea "without attempting to mitigate the impact of Decree 33 on Petitioner" (Docket No. 284, at p. 5, ¶ 13), Ibekwe does not state that he would not have entered that guilty plea with foreknowledge of Decree 33. Even had Plaintiff known of Decree 33 and used that knowledge in an attempt to mitigate its possible effects, he would have had no assurance that the outcome of the plea agreement would have differed in any way from the plea agreement to which he assented. Ibekwe cannot employ hindsight to change the events of the past. The Plaintiff has thus failed to meet the conditions under which this Court should entertain issues not raised in prior proceedings.

Even were Ibekwe's claim of ineffective assistance of counsel not procedurally barred, Plaintiff has failed to establish a feasible claim on the merits. To establish a *prima facie* case, the Plaintiff must show that: 1) his counsel's performance fell below an objective standard of reasonableness; and 2) that there is a reasonable probability that, but for his counsel's errors, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–92, 104 S.Ct. 2052, 2064–67, 80 L.Ed.2d 674 (1984); *Atkins v. Attorney General of State of Alabama,* 932 F.2d 1430, 1432 (11th Cir. 1991).

As discussed above, Ibekwe does not state that he would not have entered that guilty plea with foreknowledge of Decree 33. The mere allegation that he would not have entered such a plea without attempting to "mitigate the impact" is insufficient to establish prejudice under *Strickland.* According-

ly, Fed.R.Crim.P. 11 does not require either the defense counsel or the district court to advise alien defendants of the potential deportation consequences of their guilty pleas. *United States v. Campbell,* 778 F.2d 764, 767 (11th Cir.1985); *Downs–Morgan v. United States,* 765 F.2d 1534, 1537–38 (11th Cir. 1985). "Furthermore, deportation is a collateral consequence of a guilty plea and, therefore, under rule 11, 'need not be explained to the defendant in order to ensure that the plea is voluntary.'" *United States v. Campbell* at 767, (quoting *United States v. Russell,* 686 F.2d 35, 38 (D.C.Cir.1982)). Finally, in a case precisely on point, a district court has held that a defense counsel's failure to inform the defendant of the Nigerian deportation consequences of his guilty plea did not amount to ineffective assistance of counsel, nor was it sufficient to render the plea involuntary. See *Chukwurah v. United States,* 813 F.Supp. 161, 164–165. (E.D.N.Y.1993). In *Chukwurah,* the district court stated that:

> [T]he fact that the defense counsel did not pursue or obtain a provision in the plea agreement barring the government from seeking the deportation of petitioner [to Nigeria] does not amount to a violation of petitioner's Sixth Amendment right to counsel because of the failure to secure certain provisions in a plea agreement could not possibly have prejudiced petitioner's defense of the criminal charges against him.

*Id.* at 165.

Having considered the instant Petition for Writ of *Coram Nobis* and applicable statutory and case law, this Court finds this petition procedurally barred and an abuse of the writ. Further, this Court finds that the failure of Ibekwe's defense counsel to advise Ibekwe of Decree 33 did not rise to the level of ineffective assistance of counsel and did not deprive Ibekwe of his Sixth Amendment right to counsel. Accordingly, it is

ORDERED that Plaintiff's Petition for Writ of *Coram Nobis* or in the Alternative for Writ of *Audita Querela* and Equitable Relief (Docket No. 284) and Plaintiff's Emergency Motion for a Preliminary Injunction or in the Alternative for a Temporary Restraining Order (Docket No. 286) be denied.

DONE AND ORDERED.