[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-13204
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 25, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00360-CR-VEH-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAREYTON ERIC ERVIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 25, 2008)

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Tareyton Eric Ervin appeals his conviction for conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846. First, Ervin argues that the district court erred when an inaccurate transcript introduced at trial by the government was published to the jury. Second, Erin argues that the court erred in denying his motion for judgment of acquittal based on insufficiency of the evidence.[1] Third, Ervin argues that his trial counsel provided ineffective assistance of counsel by failing to make any objections at his trial. For the reasons set forth more fully below, we affirm in part and dismiss without prejudice in part.

At Ervin's trial, the government moved to admit an audiotape and its accompanying transcript of a conversation between Ervin and the confidential informant ("CI"). After the government played the audiotape, the court stated, "I want to see counsel at sidebar," and a hearing was conducted outside of the jury's presence. During the sidebar, the court indicated that the audiotape's corresponding transcript reflected that Ervin stated to the CI "I've got what you need," but the court did not hear the word "need" actually spoken on the audiotape. Ervin's counsel moved to withdraw the transcript. The CI, who helped prepare the

---

[1] Ervin's first appellate attorney raised the sufficiency of the evidence issue in Ervin's initial appellate brief, and the government filed a brief responding to that issue. After the court granted Ervin's first appellate attorney's motion to withdraw, a subsequent attorney was appointed, who filed a second brief on appeal. Although the second brief does not address the issue, there is no indication that the sufficiency of the evidence issue has been withdrawn. Accordingly, we address the merits of that issue here.

transcript, told the court that he did not actually hear the word "need" on the audiotape, but he filled in the word "need" based upon what he remembered Ervin saying to him that day. The court granted Ervin's motion to strike the transcript. When the jury was brought back in, the court explained that it had stricken the transcript, and it gave the jury a curative instruction regarding the transcript. During his testimony, the CI testified that Ervin told him "I've got what you need." The jury ultimately found Ervin guilty of the conspiracy charge, and the court sentenced him to 60 months' imprisonment.

I.

We normally review the admission of evidence at trial for an abuse of discretion. United States v. Smith, 918 F.2d 1501, 1510 (11th Cir. 1990). However, where a defendant fails to preserve an evidentiary ruling by contemporaneously objecting, we review for plain error. United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007), cert. denied, 128 S.Ct. 867 (2008). To prove plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects his substantial rights. Id. at 1276. If the defendant satisfies all three conditions, we may exercise our discretion to recognize the error, if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. Here, because Ervin failed to object at trial to the admission of the transcript he

3

complains of on appeal, we review for plain error only.

"[T]he use of a transcript as a guide is analogous to the use of expert testimony as a device aiding a jury in understanding other types of real evidence." United States v. Onori, 535 F.2d 938, 947 (5th Cir. 1976). "Since the jury must always reconcile the discrepancies in the transcript(s) against the recording itself, the district court need not listen to the tape or decide whether a transcript is accurate before the transcript is given to the jury and the recording is played." United States v. Hogan, 986 F.2d 1364, 1376 (11th Cir. 1993) (citation omitted, alteration in original). The proper protocol in this Circuit when a party disputes the accuracy of a transcript is for "each side [to] produce its own version of a transcript or its own version of the disputed portions. In addition, each side may put on evidence supporting the accuracy of its own version or challenging the accuracy of the other side's version." Id. (citation omitted) (concluding that defendant's claim of error must fail when he does not offer his own transcript and does not point out inaccuracies in the government's transcript). However, "absent a showing that the transcripts are inaccurate or that specific prejudice occurred, there is no error in allowing transcripts to go to the jury room." United States v. Brown, 872 F.2d 385, 392 (11th Cir. 1989).

Ervin can not show error because the district court was not required to listen

to the audiotape or decide whether the transcript was accurate before the transcript was published to the jury and the recording was played. See Hogan, 986 F.2d at 1376; Turner, 474 F.3d at 1276. Regardless, however, the court sua sponte questioned the accuracy of the transcript and struck the transcript from evidence. Significantly, the court also instructed the jury to disregard the inaccurate transcript and decide for itself the contents of the audiotape. United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005) (stating that "[a] jury is presumed to follow the instructions given to it by the district judge"). It is also worth noting that, even though he had been provided a copy of the transcript prior to trial, Ervin did not object to the transcript's contents, did not object when the court published the transcript, and did not produce his own version of the disputed transcript. See Hogan, 986 F.2d at 1376. Finally, Ervin has not shown that his substantial rights were affected or that any specific prejudice occurred with respect to the publication of the transcript, particularly in light of the fact that other evidence corroborated that Ervin actually did state "I have what you need." See Turner, 474 F.3d at 1276; Brown, 872 F.2d at 392.

## II.

We review the denial of a motion for judgment of acquittal de novo. United States v. Bowman, 302 F.3d 1228, 1237 (11th Cir. 2000). "When the motion

5

raises a challenge to the sufficiency of the evidence, we review the sufficiency of the evidence de novo, drawing all reasonable inferences in the government's favor." Id. In order to support a guilty verdict, "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt[.]" United States v. Anderson, 289 F.3d 1321, 1326 (11th Cir. 2002) (brackets and quotation omitted). Rather, "[t]he evidence is sufficient so long as a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt." United States v. Pineiro, 389 F.3d 1359, 1367 (11th Cir. 2004).

In order to convict a defendant of conspiracy to distribute cocaine, the government must prove beyond a reasonable doubt that: (1) a conspiracy existed; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily joined the conspiracy. United States v. Hernandez, 896 F.2d 513, 518 (11th Cir. 1990). The "existence of an agreement in a conspiracy case is rarely proven by direct evidence that the conspirators formally entered or reached an agreement . . . . The more common method of proving an agreement is through circumstantial evidence." United States v. Glinton, 154 F.3d 1245, 1258 (11th Cir. 1998) (quotation omitted). Although mere association with a conspirator or presence at the scene of the crime is insufficient to establish participation in a

6

conspiracy, "presence is a material and probative factor which the jury may consider in reaching its decision." Hernandez, 896 F.2d at 518 (quotation omitted). Moreover, we have held that "the uncorroborated testimony of an accomplice is sufficient to support a conviction if it is not on its face incredible or otherwise insubstantial." United States v. Milkintas, 470 F.3d 1339, 1344 (11th Cir. 2006).

A thorough review of the record demonstrates that the evidence was sufficient to establish beyond a reasonable doubt that Erwin knowingly and voluntarily joined a conspiracy to distribute crack cocaine. Ervin's codefendant, Terrell McElrath, testified that Ervin "cooked up" cocaine for him and ran errands on drug deals, in exchange for which McElrath "always" gave Ervin either drugs or money. This testimony was sufficient to support a finding that Ervin had knowledge of McElrath's unlawful plan to sell crack cocaine to the CI and that he knowingly and voluntarily participated in that unlawful activity. See Milkintas, 470 F.3d at 1344; see also Hernandez, 896 F.2d at 518 (noting that "we are constrained to make all credibility choices in favor of the jury verdict"). Moreover, although McElrath's testimony was alone sufficient to support the jury's verdict, the government's other evidence, including the testimony of the two agents from the Drug Enforcement Agency, which was substantiated by the

7

surveillance video, along with the testimony of the CI, further supported a jury finding that Ervin was more than simply associated with McElrath or present at the scene, but agreed to participate with McElrath in the sale of crack cocaine to the CI. See Hernandez, 896 F.2d at 518. Accordingly, the district court did not err in denying Ervin's motion for a judgment of acquittal.

III.

"Claims of ineffective assistance of counsel generally are not considered for the first time on direct appeal unless the record is sufficiently developed." United States v. Le, 256 F.3d 1229, 1241 (11th Cir. 2001). Additionally, the Supreme Court has articulated that, while "[t]here may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal," generally, these claims are best raised in a 28 U.S.C. § 2255 motion. Massaro v. United States, 538 U.S. 500, 504-09, 123 S.Ct. 1690, 1694-96, 155 L.Ed.2d 714 (2003). "When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." Id. at 504-05, 123 S.Ct. at 1694.

In this case, although Ervin claims that his counsel was ineffective for

8

failing to make <u>any</u> objections on the record, his main contention is that his counsel neither objected to the inaccurate transcript at trial nor investigated the source of the audiotape or transcript prior to trial. However, Ervin failed to object to his counsel's performance in the district court. As a result, the record is not sufficiently developed precisely for the object of litigating Ervin's ineffective assistance of counsel claim that he raises on direct appeal.[2] <u>See</u> <u>Massaro</u>, 538 U.S. at 504-05, 123 S.Ct. at 1694; <u>Le</u>, 256 F.3d at 1241.

IV.

In light of the foregoing, we affirm Ervin's conviction. We dismiss Ervin's ineffective assistance of counsel claim without prejudice so that he may bring that claim in a later § 2255 motion.

**AFFIRMED IN PART, DISMISSED WITHOUT PREJUDICE IN PART.**

---

[2] Ervin's reliance upon <u>Atkins v. Attorney Gen. of Alabama</u>, 932 F.2d 1430, 1431 (11th Cir. 1991), is unavailing because, unlike Ervin's claim that he raises on direct appeal, the ineffective assistance of counsel claim in <u>Atkins</u> was raised in a 28 U.S.C. § 2254 habeas petition.