[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12265
Non-Argument Calendar
_____

D.C. Docket Nos. 0:12-cv-61315-FAM; 0:10-cr-60249-FAM-1

EZRA MOSTOWICZ,

                                                      Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 2, 2015)

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Ezra Mostowicz, a federal prisoner serving a 90-month sentence for

possession of controlled substances with intent to distribute and possession of a

firearm in furtherance of a drug-trafficking crime, appeals *pro se* the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255.  We granted Mr. Mostowicz a certificate of appealability on a single issue:  Whether trial counsel rendered ineffective assistance by advising him to reject the government's conditional plea offer.

Upon review of the record and the briefs, we conclude that Mr. Mostowicz failed to allege or explain how or why his lawyer's advice was constitutionally deficient.  Accordingly, we affirm the district court's denial of Mr. Mostowicz's § 2255 motion.

# I[1]

In 2010, a federal grand jury indicted Mr. Mostowicz for possession of cocaine, methylenedioxymethamphetamine (ecstasy), and alprazolam (xanax) with intent to distribute, in violation of 21 U.S.C. § 841(a)(2), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A).  After Mr. Mostowicz filed a motion to suppress, the Assistant U.S. Attorney in charge of the case sent Mr. Mostowicz's lawyer an e-mail regarding a potential plea offer.  The e-mail states that the government would not enter into a plea agreement with Mr. Mostowicz if he pursued the motion to

---

[1] The documents relevant to Mr. Mostowicz's criminal case are recorded on the criminal docket, and the documents relevant to his § 2255 motion are recorded on the civil docket.  For clarity, we cite to the Appendix for the United States filed with this Court (D.E. 38, tab ___ ), unless otherwise noted.

2

suppress. *See* D.E. 38, tab 11 at pg. 40. The e-mail further states in pertinent part,

as follows:

> If your client wants to enter into a plea agreement with the government, I would be willing to seek authorization from my supervisors to allow him to plead guilty to the gun charge in exchange for the government's willingness to dismiss the drug charge. In that event, your client's guideline range would be 78 to 84 months, with a mandatory minimum sentence of 60 months. As a condition of our plea agreement, I would agree to recommend a sentence of 60 months.
>
> Please be advised that I will not seek authorization from my supervisors to enter into a plea agreement until your client indicates that he is willing to accept the terms outlines [sic] above. Furthermore, please be advised that my supervisors may not grant me such authority. Nothing in this letter is intended to convey an official plea offer, unless and until I receive authorization from my supervisors.

*Id.* An agreement regarding the potential plea offer was not reached. Mr.

Mostowicz pursued his motion to suppress, which was ultimately denied.[2]

Mr. Mostowicz eventually pled guilty to the drug and gun charges under a

different written plea agreement. During the plea colloquy, Mr. Mostowicz

indicated that he understood the potential sentence and that he was satisfied with

trial counsel's representation. *See id.* at tab 61. At sentencing, Mr. Mostowicz

again indicated that he was satisfied with trial counsel. *See id.* at tab 62. The

district court sentenced Mr. Mostowicz to 90 months' imprisonment.

---

[2] We affirmed the denial of the motion to suppress on direct appeal. *See United States v. Mostowicz*, 471 F. App'x 887 (11th Cir. 2012).

Mr. Mostowicz then filed a motion to vacate under § 2255, alleging, among other things, ineffective assistance of counsel.  Relevant to this appeal, he argued that his trial counsel was ineffective for recommending that he move forward with the suppression hearing and reject the government's conditional plea offer.  Mr. Mostowicz's allegations as to his ineffectiveness claim are worth quoting in full:

> The plea-offer called for the voluntary dismissal of Mr. Mostowicz's Motion to Suppress Evidence.  Counsel advised Mr. Mostowicz that rejecting the plea offer and proceeding with the Suppression Hearing would likely result in the same five year offer, since the Motion to Suppress would 'shake things up[.]'  Counsel further advised he would recommend that Mr. Mostowicz not accept the plea offer and proceed with the Suppression Hearing, since the five year term of imprisonment was still attainable.  Had Counsel rendered effective legal advice during the 'Plea-bargaining' phase, then Mr. Mostowicz would have effectively accepted the plea offer and been sentenced to a term of imprisonment of five years instead of seven and a half years.  The Court would have likely accepted the plea, since the proceedings would have been expedited and the judicial economy would have been satisfied.  It was only due to Counsel's advice that Mr. Mostowicz did not accept the plea-offer provided by the Government.  Therefore, the proper remedy would be resentencing.  Mr. Mostowicz was not properly advised in regard to whether or not he should have accepted the 'plea-offer' offered by [the government].

*See id.* at tab CVDE 1, pg. 9.

The magistrate judge recommending denying the § 2255 motion, *see id.* at tab 21, concluding that Mr. Mostowicz had failed to demonstrate that trial counsel's performance was deficient, because he presented "no evidence, other than self-severing, uncorroborated statements, that his attorney recommended that he reject the government's conditional plea offer." *Id.* at pg. 16.  The magistrate

4

judge further concluded that Mr. Mostowicz failed to demonstrate prejudice because (1) he offered no evidence that trial counsel recommended accepting the government's conditional offer; and (2) even if he could prove that trial counsel made such a recommendation, he could not prove that the government would have ultimately agreed to the offer, as it was contingent upon a supervisor's approval. *Id.* The district court adopted the magistrate's recommendation, over Mr. Mostowicz's objections, and denied his § 2255 motion. *See id.* at tab 23.

Mr. Mostowicz moved for reconsideration, reasserting his ineffective-assistance claim regarding the conditional plea offer. The district court summarily denied the motion, and subsequently denied Mr. Mostowicz's motion for a certificate of appealability ("COA"), ruling that Mr. Mostowicz had "failed to make a substantial showing of the denial of a constitutional right." D.E. 11.

On February 27, 2014, Mr. Mostowicz applied for a COA in this Court. On July 7, 2014—before we ruled on his motion for COA—Mr. Mostowicz filed another motion, asking this Court to remand the case to the district court for an evidentiary hearing on his ineffective-assistance-of-counsel claim. *See* D.E. 17. On December 2, 2014—before issuing an order on Mr. Mostowicz's motion to remand—we granted a COA on a single issue: "Whether [Mr.] Mostowicz's trial counsel rendered ineffective assistance of counsel by advising him to reject a government plea offer?" D.E. 20.

5

Approximately one month later, Mr. Mostowicz filed his initial brief. *See* D.E. 23. He did not argue that the district court erred by failing to hold an evidentiary hearing.

The following month, a three-judge panel of this Court issued an order on Mr. Mostowicz's motion for remand, which was construed as a motion for summary reversal. The panel denied Mr. Mostowicz's request, but permitted him to argue, in his merit briefs, "that the district court erred in denying, without an evidentiary hearing, his claim that his counsel was ineffective for advising him to reject [the] government['s] plea offer." The panel explained that such an argument was within the scope of the COA.[3]

The government's brief makes no mention of the lack of an evidentiary hearing. This is not surprising, for Mr. Mostowicz did not raise the issue in his initial brief, and neither the magistrate judge nor the district court ever addressed the issue. In his reply brief, however, Mr. Mostowicz argues that an evidentiary hearing is required because he alleged facts that, if taken as true, entitle him to relief.

---

[3] Mr. Mostowicz does not refer to or challenge the order denying his motion for reconsideration. Accordingly, we do not address the issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned[.]").

6

## II

"Whether counsel rendered ineffective assistance is a mixed question of law and fact that this Court reviews *de novo*." *Hagins v. United States*, 267 F.3d 1202, 1204 (11th Cir. 2001). "In a . . . § 2255 proceeding, we review a district court's legal conclusions *de novo* and factual findings for clear error." *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). A defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

The "benchmark" for judging a claim of ineffective assistance of counsel is whether counsel's performance "so undermined the proper functioning of the adversarial process that the [proceedings] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate that his lawyer's performance was deficient and that he was prejudiced by the deficiency. *See id.* at 687. We are not required to consider the deficiency and prejudice prongs in any particular order. *See id.* at 697 (explaining that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies"). And we "need not address the [prejudice] prong if the defendant cannot meet the [performance]

7

prong, . . . or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citing *Strickland*).

In judging whether counsel's performance was deficient, the proper measure is reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688. To be constitutionally deficient, counsel's performance must fall "below an objective standard of reasonableness[.]" *Atkins v. Attorney Gen. of State of Ala.*, 932 F.2d 1430, 1432 (11th Cir. 1991). We must take care to "eliminate the distorting effects of hindsight" when evaluating an attorney's performance, "and [we] evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "Because of the difficulties inherent in making th[is] evaluation, [there is] a strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy." *Id.* (internal quotation marks and citation omitted). *See also Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) ("Counsel's competence . . . is presumed, and the defendant must rebut this presumption by *proving* that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.") (emphasis added and internal citation omitted).

8

Indeed, "[j]udicial scrutiny of counsel's performance [is] highly deferential." *Strickland*, 466 U.S. at 689.  We have explained that

> [t]he test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances . . . .

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (internal citation omitted).

The burden, therefore, was on Mr. Mostowicz to "establish[ ] deficient performance by showing that counsel's representation fell below an objective standard of reasonableness."  *Kimbrough v. Sec'y, DOC*, 565 F.3d 796, 804 (11th Cir. 2009) (internal quotation marks and citation omitted).  "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'"  *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 689) (alteration original).

## III

Mr. Mostowicz admits that his lawyer advised him of the details of the government's conditional plea offer.  *See* Appellant's Br. at 2 ("Movant was advised by counsel that there was a plea offer of [60] months imprisonment in exchange for willingness to withdraw the motion to suppress[.]").  He claims that

"[c]ounsel advised that a [60] month sentence . . . was still likely" even if he went forward with the motion to suppress, because the suppression hearing would "shake things up." *Id.* He argues that he would have accepted the government's conditional offer had he known that there was no chance of obtaining a 60-month sentence if he litigated the motion to suppress. *Id.*

On this record, the district court correctly rejected Mr. Mostowicz's ineffectiveness claim. Mr. Mostowicz did not explain how or why his lawyer's advice was constitutionally deficient. Indeed, he failed to make any showing to rebut the presumption that his counsel's advice—to proceed with the suppression hearing because the 60-month sentence would still be attainable—was reasonable under the circumstances. *See Kimmelman*, 477 U.S. at 384. Although Mr. Mostowicz takes issue with the ultimate outcome of his case, this is not *proof* of deficiency under *Strickland*. *See Titlow*, 134 S. Ct. at 17 ("[W]ithout evidence that [counsel] gave incorrect advice or evidence that he failed to give material advice, [a defendant] cannot establish that his lawyer's performance was deficient.") (internal quotation marks and citation omitted). *Cf. Chandler v. United States*, 218 F.3d 1305, 1327 (11th Cir. 2000) (rejecting ineffective assistance of counsel claim

because "[p]etitioner's evidence was insufficient to prove that his trial counsel's acts were outside the wide range of professionally competent assistance").[4]

Mr. Mostowicz did not allege (much less show), that the motion to suppress was doomed to fail. Although the motion was ultimately denied, it may have been reasonable for trial counsel, under the circumstances at the time, to conclude that there was a good chance the motion was going to succeed, and that, as a result, some or all of the charges against Mr. Mostowicz would have been dismissed. Nor did Mr. Mostowicz allege (or show) that his counsel's advice—that a 60-month sentence would still be possible even if he moved forward with the motion to suppress—was incorrect at the time, much less ineffective under *Strickland*. In fact, because the district court could have sentenced Mr. Mostowicz to 60 months through a variance, it appears that counsel's advice was not legally incorrect.

Simply put, advice, although incorrect in retrospect, does not necessarily rise to the level of ineffective assistance of counsel. *See Premo v. Moore*, 562 U.S. 115, 132, 131 S. Ct. 733, 745, 178 L. Ed. 2d 649 (2011) (explaining that "hindsight cannot suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the trial would proceed"). We conclude that the

---

[4] Even if Mr. Mostowicz had shown that his lawyer made a tactical mistake by advising him to move forward with the suppression hearing and reject the government's conditional plea offer—and we do not hold that he has—errors in judgment and tactical miscalculations by a lawyer do not *necessarily* constitute a denial of effective assistance of counsel. *See Odom v. United States*, 377 F.2d 853, 858 (5th Cir. 1967).

11

district court correctly denied Mr. Mostowicz's § 2255 motion on the performance prong of *Strickland*.

## IV

In his reply brief, Mr. Mostowicz argues that an evidentiary hearing was required because he alleged facts that, if taken as true, entitle him to relief. Generally, we do not address issues raised for the first time in a reply brief. *See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). We recognize, however, that a panel of this Court issued an order allowing Mr. Mostowicz to argue the lack of an evidentiary hearing his merit briefs. *See* D.E. 29. That order was issued after Mr. Mostowicz filed his initial brief, so the first opportunity he had to present an argument on the subject was in his reply brief.

Nevertheless, we reject Mr. Mostowicz's argument on the merits. Mr. Mostowicz's allegations concerning his counsel's allegedly deficient performance were, as we have explained, conclusory. And conclusory allegations do not entitle a § 2255 movant to an evidentiary hearing. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted).

12

**V**

For the forgoing reasons, we affirm the district court's denial of Mr. Mostowicz's § 2255 motion.

**AFFIRMED.**